IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMANUEL M. SISTRUNK,

          Petitioner,         Civil No. 05-6340-CO

        v.                FINDINGS AND
                          RECOMMENDATION
                          and ORDER

STATE OF OREGON, et al.,

          Defendants.

COONEY, Magistrate Judge.

Plaintiff's Application to *proceed in forma pauperis* (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. <u>See</u> 28 U.S.C. § 1915(d).

## <u>BACKGROUND</u>

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights in connection with his prosecution and conviction for first

1 - FINDINGS AND RECOMMENDATION and ORDER

degree rape and the denial of plaintiff's petition for habeas corpus relief under 28 U.S.C. § 2254. Plaintiff seeks $50 million damages and unspecified "injunctive relief" for his "false prosecution." Plaintiff has also moved to disqualify a laundry list of judges including all of the "Portland" and "Phoenix" federal district court judges, all of the judges on the Ninth Circuit court of Appeals and the state judges in the State of Oregon, based on their alleged "racial bias" and previous ruling "contrary to all evidence."

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." <u>Neitzke</u>, 490 U.S. at 325; <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 882 (9th Cir. 1991); <u>Jackson</u>, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. <u>Lopez</u>, 939 F.2d at 883.

## DISCUSSION

I find that regardless of liberally plaintiff's

complaint is construed, it fails to state a claim. I note at the outset that virtually all of the named defendants are immune from liability in damages to plaintiff on grounds of Eleventh Amendment immunity or judicial and/or prosecutorial immunity. In addition, plaintiff is apparently seeking to appeal the denial of his petition for habeas corpus relief which is not a proper claim under 42 U.S.C. § 1983.

Habeas corpus is the exclusive remedy when a plaintiff seeks to challenge the fact or duration of confinement or seeks immediate or speedier release. _Preiser v. Rodriguez_, 411 U.S. 475, 488-490 (1973). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state remedies requirement. _Heck v. Humphrey_, 512 U.S. 477 (1994).

The fact that plaintiff seeks money damages as a remedy does not preclude treatment of his complaint as a petition for habeas corpus relief. The collateral effects of a finding that a prisoner's incarceration is illegal are substantially the same whether the complaint is styles as one for money damages or one for injunctive relief. _Id_.

Under the circumstances alleged in plaintiff's complaint, a judgment in favor of plaintiff would necessarily imply the invalidity of plaintiff's confinement and arguably entitle

plaintiff to release.

In addition, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, <u>supra</u>. In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

Under some circumstances, it would be appropriate to construe plaintiff's complaint as a petition for habeas corpus relief and allow him to proceed. However, it is apparent from the record that plaintiff has already pursued habeas relief concerning the conviction challenged in this proceeding, and that his petition was denied in this court and on appeal. Plaintiff has not alleged or demonstrated that he has obtained the required certificate from a three judge panel of the court of appeals permitting him to file a second or second petition under 28 U.S.C. § 2254. <u>See</u>, 28 U.S.C. § 2244(b).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint should be DISMISSED. Since it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

Plaintiff's Motion to Appoint Counsel (#3) and Motion to Disqualify Judges (#4) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _8_ day of November, 2005.

_____s/_____
John P. Cooney
United States Magistrate Judge